[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3964
The plaintiff, David Soucier, was a member of the East Granby High School baseball team. The defendants are Keith Engelke, Charlotte Engelke, Keith D. Engelke, Rodney Hull, Daniel Michael and the East Granby Board of Education. The plaintiff filed a twelve count complaint against the defendants on April 29, 1999, alleging the following: negligent assault and battery against Keith Engelke (count one), reckless and wanton assault and battery as to Keith Engelke (count two), intentional assault and battery as to Keith Engelke (count three), liability for the injuries inflicted pursuant to General Statutes §52-572[1] against Charlotte A. Engelke (count four), negligence as to Charlotte A. Engelke (count five), liability for the injuries inflicted pursuant to § 52-572 against Keith D. Engelke (count six), negligence as to Keith D. Engelke (count seven), negligence as to Rodney Hull[2]
(count eight), an indemnification claim as to the East Granby Board of Education pursuant to General Statutes § 10-235 regarding Rodney Hull (count nine), negligence as to Daniel Michael[3] (count ten), an indemnification claim as to the East Granby Board of Education pursuant to General Statutes § 10-235 regarding Daniel Michael (count eleven) and negligence as to the East Granby Board of Education (count twelve).[4]
All of the claims arise out of an incident that occurred on March 25, 1997, at approximately 2:00 p.m. Members of the East Granby High School varsity and junior varsity baseball teams, including David Soucier and Keith Engelke, were in the men's locker room dressing for an afternoon practice session. The plaintiff contends that Keith Engelke swung a baseball bat, striking him in the face and mouth and causing significant injuries. The defendant, Keith D. Engelke, the father of Keith Engelke, filed a motion for summary judgment as to counts six and seven of the complaint. At the time of oral argument, based on the evidentiary material submitted in support of Keith D. Engelke's motion to the effect that he did not have the requisite control over his son, the plaintiff withdrew his opposition as to count six (pursuant to § 52-572), and the motion for summary judgment was granted as to that count. Presently remaining before the court is Keith D. Engelke's motion for summary judgment as to count seven, a claim of negligence which essentially alleges a breach of the duty to warn.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of CT Page 3965 law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; see also Sherwood v. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730
(2000).
Although the defendant opposes the motion for summary judgment as to count seven on the grounds that there exists a disputed issue of material fact, the court is drawn to the same documents offered by Keith D. Engelke in support of his motion for summary judgment as to count six. These documents are a certified copy of his divorce decree showing that full custody was awarded to the child's mother, Charlotte Engelke, in 1983, and an affidavit attesting that Keith D. Engelke has not had custody, control or guardianship of his son since 1983, and that his son has not spent a single night with him. (Engelke Affidavit, ¶ 4 and ¶ 6.)
Notably, count seven is based on the faulty premise that Keith Engelke was a member of his father's household at the time of the incident which gave rise to this lawsuit. Presented with Keith D. Engelke's evidence disputing the plaintiff's claim of custody and control, the court expressed concern as to the factual and legal basis for the plaintiff's claim as to count seven for reasons similar "to those which motivated the plaintiff to withdraw his opposition to the motion for summary judgment as to count six. Because of this concern, the court afforded the plaintiff time to file a supplemental brief and invited him to address more particularly the question of whether, in light of the undisputed facts as supported by the evidence submitted by Keith D. Engelke, Mr. Engelke owed any duty of care to warn third parties, such as the plaintiff, of his son's alleged propensity for violence. The plaintiff's failure to file a supplemental memorandum leads the court to conclude that the plaintiff can offer nothing further to substantiate, either factually or legally, the cause of action claimed in count seven.
In Connecticut there is "only a limited duty to take action to prevent injury to a third person. Our point of departure has been that absent a special relationship of custody or control, there is no duty to protect a third person from the conduct of another. See 2 Restatement (Second), Torts § 315 (1965). . . . In any determination of whether even a special relationship should be held to give rise to a duty to exercise care to avoid harm to a third person, foreseeability plays an important CT Page 3966 role. Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although . . . no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. . . . Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff." (Citations omitted; internal quotation marks omitted.)Fraser v. United States, 236 Conn. 625, 632-33,674 A.2d 811 (1996); see also Kaminski v. Fairfield, 216 Conn. 29,578 A.2d 1048 (1990) (parents were not liable on a common law theory to warn the police officer of their adult son's dangerous and violent propensities because they had not taken charge of their son and did not have control over him).
In the present case, the undisputed evidence shows that Keith D. Engelke did not have custody of his son and further that his son had not spent even one night with him since the child's mother was awarded custody in 1983. There are otherwise no allegations or evidence from which it could be shown that the type of harm which occurred in this case was reasonably foreseeable to Keith D. Engelke, that the plaintiff was an identifiable victim, or that Keith D. Engelke had the requisite control over his son such as that which would give rise to a duty to prevent injury to third parties. Therefore, the court finds as a matter of law that Keith D. Engelke owed no duty to the plaintiff under the facts as pleaded in the plaintiff's complaint and in light of the undisputed evidence submitted by this defendant.
Accordingly, the motion for summary judgment as to count seven of the plaintiff's complaint is granted.
Peck, J.